PIZZA, PROS. ATTY., ET AL., APPELLEES, *v.*
SUNSET FIREWORKS CO., INC. ET AL., APPELLANTS.
SUNSET FIREWORKS CO., INC., APPELLANT, *v.*
PIZZA, PROS. ATTY., ET AL., APPELLEES.

[Cite as Pizza *v.* Sunset Fireworks Co. (1986), 25 Ohio St. 3d 1.]

2

(Nos. 85-1134 and 85-1269—Decided July 2, 1986.)

*Anthony G. Pizza,* prosecuting attorney, and *Mark E. Lupe,* for appellees.

*Schnorf & Schnorf, David M. Schnorf* and *Stephen C. Roach,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, *Simon B. Karas* and *Donald A. Cataldi,* urging affirmance for *amicus curiae,* Ohio Dept. of Indus. Relations.

DONOFRIO, J. Appellants' first proposition of law is:

"R.C. § 3743.33 Authorizes the Retail Sale of Fireworks to be Shipped Directly out of State."

The central issue under this proposition of law is the interpretation of the words in R.C. 3743.33(B), *"or the sale of fireworks to be shipped directly out of state."* The issue in the conflict certified to this court is the permissibility of the retail sale of fireworks under R.C. 3743.32, which provides in relevant part:

"Except as provided in section 3743.33 of the Revised Code, no person shall possess for sale at retail, or sell at retail, or discharge, ignite, or explode any fireworks."

R.C. 3743.33 provides:

"(A) Upon written permission secured from the fire chief of the municipal corporation, in the case of an exhibition to be held in that municipal corporation, or from the sheriff of the county in which the exhibition is to be held, if it is to be held outside a municipal corporation, fireworks may be sold and used for public or private exhibitions of fireworks in connection with fairs, carnivals, or other celebrations. * * *

"(B) Sections 3743.27 to 3743.43 of the Revised Code do not prohibit any wholesaler, dealer, or jobber from selling at wholesale such fireworks as are permitted to be used by such sections *or the sale of fireworks to be*

*shipped directly out of state.* This division shall not be construed to require that shipments directly out of state be made solely by common carriers licensed by the federal government." (Emphasis added.)

Appellants argue that the fact that R.C. 3743.99 provides sanctions for violations of R.C. 3743.27 to 3743.43 renders R.C. Chapter 3743 a penal statute. Hence, all doubts in the interpretation of such statutes should be resolved in favor of the accused. *State* v. *Dunham* (1950), 154 Ohio St. 63, 67 [42 O.O. 133].

Appellants further urge this court to adopt the holding espoused by the *Van Camp* court, *supra,* wherein the retail sale of fireworks to be shipped out of state was held to be permissible under R.C. 3743.33.

We find that R.C. 3743.33 provides for two separate exceptions to the prohibition against the sale of fireworks. The first exception concerns wholesale sales to persons who are so entitled pursuant to R.C. 3743.27 to 3743.43. The second exception concerns sales to be shipped directly out of state. The fact that the legislature did not limit the latter exemption by inserting the term "wholesale" as it did in the first exemption illustrates the intent that retail sales are permitted where the items are shipped directly out of state.

Both the *Van Camp* court and the appellate court below similarly concluded that the statutes contained in R.C. Chapter 3743 relate to the protection of the health, safety and welfare of the people of this state and, as such, were entitled to a liberal construction in order to achieve their end. We find that both the *Van Camp* court and the court below were correct in this assessment. The very fact that this chapter was placed within Title 37 of the Revised Code which relates to health, safety and morals lends support to the courts' conclusion. Further, the principle of giving liberal construction to a statute intended to promote the public good is applicable, notwithstanding the fact that a violation of the statute may incur a penal sanction. See *Mason* v. *Roberts* (1971), 35 Ohio App. 2d 29, 39 [64 O.O.2d 160].

We hold, therefore, that R.C. 3743.33(B) excludes from the prohibitions of R.C. 3743.27 to 3743.43: (1) "any wholesaler, dealer, or jobber from selling at wholesale such fireworks as are permitted to be used by said sections," and (2) "the sale of fireworks to be shipped directly out of state," be it retail or wholesale. Since the wholesale sale of fireworks is covered under the first exception of R.C. 3743.33(B), the second exception would be meaningless if construed to be limited solely to wholesale sales. In addition, the legislature used the word "wholesale" when it intended to limit the application of the first exception to wholesale sales, but did not similarly choose to so limit the second exception.

Additional support for this conclusion is found in *Toledo* v. *Budget Comm.* (1973), 33 Ohio St. 2d 62, 64 [62 O.O.2d 413], wherein this court, citing Webster's Third New International Dictionary, defined the word "or" as a function word indicating an alternative between different or

unlike things. The legislature's separation of the two exemptions permitting the sale of fireworks in R.C. 3743.33(B) through the use of the term "or" would appear to require that these exceptions be read separately and apart from each other.

Although our discussion to this point has been on the main issue herein there are collateral issues that must be addressed. These issues are a matter of great public concern. The illegal sales and manufacture of fireworks constitute a danger to the general public due to the increasing rate of personal injury and death and property damage caused by various activities in this industry.

Query: Who is authorized under R.C. 3743.33 to sell fireworks to be shipped directly out of state whether at retail or wholesale? We hold that such sales may only be made by a person licensed by the Ohio Department of Industrial Relations as a wholesaler or manufacturer.

A further question is whether a person who seeks to operate at more than one location as a wholesaler or manufacturer is required to be licensed for each such location? We conclude in the affirmative. In pertinent part, R.C. 3743.321 states:

"(A)   Except as provided in division (D) of this section, no person shall engage in the business of selling or sell fireworks at wholesale unless he applies to the department of industrial relations for, and is issued, a permit to sell fireworks at wholesale. A separate application shall be submitted and a separate permit shall be obtained for each location at which the person wishes to engage in the sale of fireworks at wholesale. The application shall be made annually, be accompanied by a fee of twenty-five dollars, be made on a form furnished by the department * * *."

We liberally construe the Fireworks Code so as to promote the health, safety and welfare of the people of the state. A reading of R.C. 3743.33 that would allow unlicensed sellers to sell fireworks at retail or wholesale would have just the opposite effect. Such an interpretation would permit unlicensed sellers to appear throughout the state and endanger the safety of the public, primarily as a result of a lack of any effective control over their activities. Such a result circumvents the underlying public policy of the Fireworks Code and thus could neither effect the purpose underlying the statute, nor produce an interpretation to bring about the legislative purpose of this remedial statute.

Therefore, whether the seller is a wholesaler, dealer or jobber, that person must be licensed by the department. To hold otherwise would create a class of unauthorized "dealers."

A further issue involved is the manner in which such licensee can ship fireworks.

Appellants take exception to the court's interpretation of the words "shipped directly," arguing that the phrase allows *buyers* to *transport* the fireworks directly out of state.

The word "shipped" has been distinguished from the words "receive,"

"transport," "carry," and "handle." See *State* v. *Bayer* (1915), 93 Ohio St. 72. The words "shipped directly" as used in R.C. 3743.33(B) have been specifically analyzed as follows:

"* * * If the legislature intended that the customer should make the choice of how the goods were to be transported from seller's place of business to a destination out of the state, the word 'taken' instead of the word 'shipped' could have been used." *Van Camp, supra,* at 463.

Subsequent to the *Van Camp* case, the legislature amended R.C. 3743.33(B), effective April 8, 1985, to include the following sentence:

"This division shall not be construed to require that shipments directly out of state be made solely by common carriers licensed by the federal government."

We hold that "shipped directly out of state" means that the seller, *i.e.,* the wholesaler who is permitted to make the retail sale by virtue of having a permit pursuant to R.C. 3743.321, must ship the fireworks to a destination outside the state, or said shipment is made by a wholesaler who exhibits to defendants a wholesale permit or is known to have a wholesale permit issued pursuant to R.C. 3743.321, provided that said shipment need not be made by common carriers licensed by the federal government.

Other than the exceptions stated hereinbefore, there are no retail sales of fireworks permitted in Ohio. Therefore, any subterfuge between the seller and buyers by signing papers and affidavits that they are wholesalers when in fact they are not should be restrained. This the trial court attempted to do.

We, therefore, hold that the appellants may not sell to any person who purports to be a wholesaler, dealer, or jobber unless such person exhibits to defendants or is known to defendants to have a wholesale permit issued to such person pursuant to R.C. 3743.321.

With the included clarifications, we sustain appellants' first proposition of law.

Appellants' second proposition of law contests the authority of a county prosecutor to bring a civil action seeking a permanent injunction against the retail sale of fireworks to be shipped directly out of state.

The trial court's finding that R.C. 3767.03 empowered a county prosecutor to initiate a civil action in order to abate a possible nuisance was dismissed by the court of appeals on the basis of the restrictive definition the legislature accorded the term "nuisance" as used in R.C. Chapter 3767. However, the appellate court concluded that the existence of R.C. 3767.03 in no way limited the right of a prosecutor to initiate an injunctive action in the case of a common-law nuisance. We agree with the appellate court.

The inherent right of a prosecutor to initiate such action is derived from R.C. 309.08, which defines the power and responsibility of a county prosecuting attorney as follows:

"The prosecuting attorney may inquire into the commission of crimes

within the county and shall prosecute, on behalf of the state, all complaints, suits, and controversies in which the state is a party, and such other suits, matters, and controversies as he is required to prosecute within or outside the county, in the probate court, court of common pleas, and court of appeals."

The common-law action theory is supported by the case of *Cincinnati v. Miller* (Police Ct. 1893), 11 Ohio Dec. Rep. 788, 790, where the court held as follows:

"Certainly anything that is detrimental to certain classes of property and business in a populous city and is a personal annoyance to the public at large within the city, need not be defined by ordinance to be known to the common mind as a public nuisance — it is so per se."

Appellants' sales in violation of R.C. 3743.33 constitute a public nuisance, but any sales transactions within the permissive scope of that section may not be declared a public nuisance.

We find appellants' second proposition of law is without merit.

Appellants' third proposition of law is that a county prosecutor may not substitute the within injunction proceeding in place of the penal sanctions which are available.

A public nuisance, if allowed to continue, would threaten the health, safety, and welfare of the community. The existence of a criminal sanction against the conduct constituting the nuisance will not bar a civil action seeking the enjoinment of that nuisance. This proposition is supported by this court's holding in *State, ex rel. Chalfin, v. Glick* (1961), 172 Ohio St. 249 [15 O.O.2d 410].

We find appellants' third proposition of law is without merit.

Appellants next argue that the phrase "sale of fireworks to be shipped directly out of state," as used in R.C. 3743.33(B), is unconstitutionally vague.

An Act of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear so beyond a reasonable doubt. *State, ex rel. Dickman, v. Defenbacher* (1955), 164 Ohio St. 142 [57 O.O. 134], paragraph one of the syllabus; *State, ex rel. Jackman, v. Court of Common Pleas* (1967), 9 Ohio St. 2d 159, 161 [38 O.O.2d 404]. Further, courts must apply all presumptions and pertinent rules of construction so as to uphold, if at all possible, a statute or ordinance assailed as unconstitutional. *State v. Sinito* (1975), 43 Ohio St. 2d 98, 101 [72 O.O.2d 54]; *Wilson v. Kennedy* (1949), 151 Ohio St. 485, 492 [39 O.O. 301].

Our discussion on the conflict issue is pertinent to the issue raised here by the appellants. We do not find the wording to be unconstitutionally vague.

We find appellants' fourth proposition of law has no merit.

In their fifth proposition of law, appellants assert that the evidence before the trial court was insufficient to support a finding that appellants'

conduct caused a material injury to the public to such a degree as to warrant an injunction proceeding.

In its role as an appellate forum, this court will not disturb a factual finding on review as being against the manifest weight of the evidence so long as there is some competent evidence to sustain the findings of the trial court. *Shady Acres Nursing Homes, Inc.* v. *Rhodes* (1983), 7 Ohio St. 3d 7, 8-9; *Gillen-Crow Pharmacies, Inc.* v. *Mandzak* (1966), 5 Ohio St. 2d 201, 205 [34 O.O.2d 417]. A review of the record discloses that appellees presented evidence demonstrating various injuries which were sustained by members of the community through the use of fireworks. Although this evidence may not directly implicate appellants' products, it does illustrate the resulting harm which the public has experienced due to the availability of fireworks. Moreover, we are here concerned with the sales of fireworks that are illegal. Accordingly, the trial court did have some evidence before it to support its factual conclusion regarding this issue.

Appellants' fifth proposition of law has no merit.

Appellants' sixth proposition of law contends that the availability of criminal sanctions under R.C. 3743.99 constitutes an adequate remedy at law and, hence, the issuance of an injunction was improper.

As previously noted, an injunction will not be denied solely because the act sought to be enjoined is punishable under a criminal statute.

In many cases sanctions currently provided for are ineffective in protecting the residents of Ohio from exposure to illegal fireworks. It is contended that the penalties provided under R.C. 3743.99 have simply been accepted as a cost of doing business in Ohio by in-state fireworks distributors. Thus, we hold the injunction proceeding is proper and necessary to protect the public.

On the basis of this court's holding in *Glick, supra,* the availability of criminal sanctions may not prevent an injunction proceeding and the issuance of an injunction to abate the public nuisance lies within the sound discretion of the trial court.

In their final proposition of law, appellants argue that R.C. 3743.41 permits the transportation of fireworks on Ohio's public highways when the fireworks are transported in conformity with the regulations prescribed by the Department of Transportation or, in the absence of such regulations, in conformity with R.C. 3743.41. This issue is directed to appellees' assertion that several purchasers of appellants' fireworks thereafter transported those items without the requisite warning signs as required under R.C. 3743.41.

Appellants did not ship such fireworks directly out of state. Rather, they delegated such task to the purchaser of the fireworks. This action is impermissible. It is the licensed dealer who has the obligation to ship such fireworks directly out of state.

Moreover, simply delivering the fireworks to someone else for transportation does not constitute the shipping of fireworks. Shipping as a

term of art requires more than a taking. At the very least, even a simple taking requires compliance with all state or federal laws. Appellants did not take any action to ship the fireworks themselves. They simply gave the fireworks to anyone who was willing to sign a form saying the fireworks were being shipped to some other destination. Appellants took no steps to insure that such fireworks were being "shipped" as opposed to being taken by car, or even that the method of transportation chosen complied with either Ohio or federal law. The legislature's reasons for placing the responsibility upon the seller are quite clear.

"* * * The legislative intent to protect the people of the state from the improper and promiscuous use of fireworks in the enactment of R.C. 3743.27 to 3743.43, inclusive, is clear. * * * In the protection of the health, safety, and welfare of its people, the state is entitled to some assurance that when fireworks are legally sold in retail for shipment directly out of the state, they will indeed be 'shipped directly out of the state.' " *Van Camp, supra,* at 463.

Appellants argue R.C. 3743.41(D), exempting fireworks transported in conformity with regulations of the Interstate Commerce Commission (or Department of Transportation to which such functions have been transferred under federal law), exempts transportation by motor vehicle in Ohio simply because the federal regulations do not prohibit such. As a result, appellants argue motor vehicle transportation is in conformity with the federal regulations. We disagree.

The correct reading is that the federal regulations do not regulate such motor vehicle transportation. As a result, the area of regulation is not preempted, and the warning and other requirements of R.C. 3743.41 apply with full force and effect. Any other reading would make R.C. 3743.41 a nullity.

In conclusion, we resolve the conflict in favor of the court's holding in *Van Camp, supra,* wherein R.C. 3743.33 was interpreted as permitting the retail sales of fireworks shipped directly out of state by the seller. We vacate that part of the injunction which prohibits appellants from operating their fireworks business as is legislatively permitted under R.C. Chapter 3743. We do not disturb that portion of the injunction that prohibits the illegal activities in contravention of the Ohio Revised Code as discussed and clarified herein.

The judgment of the court of appeals as modified is affirmed.

*Judgment as modified affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

DONOFRIO, J., of the Seventh Appellate District, sitting for DOUGLAS, J.