ZOLLA, Appellant,

v.

**OHIO DEPARTMENT OF HUMAN SERVICES, Appellee.**

Court of Common Pleas of Ohio,
Lucas County.

No. 94–0263.

Decided June 22, 1994.

*Toledo Legal Aid Society* and *Susan M. Lutz*, for Marie Zolla.

*Lee Fisher,* Attorney General, and *Margaret E. Viancourt,* Assistant Attorney General, for Ohio Department of Human Services.

FREDERICK H. MCDONALD, Judge.

This cause is before the court upon an administrative appeal filed by appellant Marie Zolla through her legal guardian, Joan Zolla–Boldt. Upon consideration of the pleadings, the record below, the written arguments of counsel, and the applicable law, I find that the decision of the Ohio Department of Human Services ("ODHS") should be reversed.

## I

The undisputed facts relevant to this motion are as follows. In 1992, Ms. Zolla, who suffers from Alzheimer's disease, was adjudicated incompetent by the Probate Court in Ann Arbor, Michigan. Ms. Zolla's daughter, Joan Zolla–Boldt, was then appointed as Ms. Zolla's legal guardian. From February 1992 to March 1993, Ms. Zolla lived with Ms. Zolla–Boldt and her husband. Ms. Zolla–Boldt paid for Ms. Zolla's living and medical expenses from joint checking and savings accounts that the two women had shared since Mr. Zolla's death in 1986. In April or May 1993, Ms. Zolla entered Fairview Manor, a nursing home.

On or about July 7, 1993, Ms. Zolla–Boldt applied for Medicaid benefits for Ms. Zolla. Because the balance in the two joint accounts exceeded $1,500,[1] the ODHS representative determined that Ms. Zolla was not entitled to Medicaid benefits. Despite the fact that Ms. Zolla–Boldt presented a "cash flow report" demonstrating that Ms. Zolla's expenses from February 1, 1992 to July 31, 1993 exceeded her assets by almost $4,000, the ODHS representative denied benefits until August 1, 1993, when Ms. Zolla–Boldt formally removed Ms. Zolla's name from the accounts. Believing that Ms. Zolla was entitled to retroactive benefits from June 1, 1993, Ms. Zolla–Boldt appealed to a state hearing officer.[2]

The hearing before the state hearing officer was held on November 22, 1993. In a decision dated December 3, 1993, the hearing officer overruled the appeal. The hearing officer reasoned that, since Ms. Zolla presented no evidence that the funds in the accounts were not hers, and since Ms. Zolla had unrestricted access to the funds, the agency representative was correct in finding that Ms. Zolla has

---

1. The total in the joint checking account as of June 16, 1993 was $1,311.07. The total in the joint savings account as of June 30, 1993 was $2,638.66.

2. An eligible applicant will be awarded retroactive Medicaid benefits for up to three months prior to application. Ohio Adm.Code 5101:1–39–02.

excess resources (for Medicaid purposes) until August 1993, when Ms. Zolla's name was removed from the account.

On or about December 17, 1993, Ms. Zolla–Boldt, on behalf of Ms. Zolla, filed an administrative appeal with the ODHS.[3] Ms. Zolla–Boldt argued that Ms. Zolla did not have access to the accounts because she is incompetent and that, since Ms. Zolla–Boldt had spent her personal money on Ms. Zolla's care, the money in the joint account actually belonged to her, not Ms. Zolla. The administrative hearing examiner held that Ms. Zolla had the legal ability to use the funds even if she was incompetent, since "legal ability" includes access and use by a power of attorney. The administrative hearing examiner held that, since Ms. Zolla had not presented evidence that the joint accounts were not accessible to her, the accounts should be considered "countable resources." Following this decision, Ms. Zolla, through Ms. Zolla–Boldt, filed the instant appeal.

## II

Appeals from the ODHS are governed by R.C. 5101.35, which states, in pertinent part:

"(E) An appellant who disagrees with an administrative appeal decision * * * may appeal from the decision to the court of common pleas pursuant to section 119.12 of the Revised Code. The appeal shall be governed by section 119.12 * * *."[4]

R.C. 119.12 provides:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."

## III

Ohio Adm.Code 5101:1–39–05 provides a "resource limitation" of $1,500 for individuals seeking to qualify for Medicaid. In other words, if an individual has

---

3. Though Carl Boldt, Ms. Zolla–Boldt's husband, signed the informal letter requesting an appeal, the administrative appeal officer treated the matter as if Ms. Zolla–Boldt, the legal guardian, had appealed. See Administrative Appeal Decision, p. 1.

4. According to the statute, the appeal is governed by R.C. 119.12, subject to certain exceptions not immediately applicable to this case.

assets (real or personal, liquid or nonliquid) valued at more than $1,500, that individual is not eligible for Medicaid. Ohio Adm.Code 5101:1–39–05 also provides:

"(8) Only those resources in which an applicant/recipient has a legal interest and the legal ability to use or dispose of are counted. If both legal interest and ability to use or dispose of the resources do not exist, the value of the resources is not counted."

 Legislation intended to promote the public good must be liberally construed in order to achieve its end. See *Pizza v. Sunset Fireworks* (1986), 25 Ohio St.3d 1, 4, 25 OBR 1, 3, 494 N.E.2d 1115, 1118. The regulations pertaining to Medicaid are intended to promote the public good. Therefore, the regulations must be liberally construed so as to effectuate their purpose of providing Medicaid benefits.

 The record as a whole shows that the funds in the joint accounts were not accessible to Ms. Zolla. After Ms. Zolla was declared incompetent, Ms. Zolla–Boldt cared for her and used her personal funds to pay some of her mother's expenses. Since Ms. Zolla–Boldt's expenditures from her personal funds exceeded the monies available in the joint accounts, Ms. Zolla–Boldt has a claim for the entire amount in those joint accounts. Therefore, Ms. Zolla had neither a legal interest in, nor, because of her incompetency, the legal ability to use the funds in question.

Moreover, the agency determined that Ms. Zolla was entitled to benefits as soon as her name was removed from the joint accounts. Ms. Zolla's name could have just as easily been removed two months earlier, thereby entitling her to the benefits at issue.

### JUDGMENT ENTRY

It is ORDERED that the December 30, 1993 decision of the Ohio Department of Human Services is reversed.

It is further ORDERED that this case is remanded to the Ohio Department of Human Services for proceedings not inconsistent with this judgment.

*Decision reversed
and cause remanded.*