[Cite as *Summit Cty. v. Akron Hotel Suites, L.L.C.*, 2026-Ohio-1838.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| SUMMIT COUNTY, OHIO<br>ELLIOT KOLKOVICH, PROSECUTOR, et al. | C.A. No.    31514 |
| Appellees | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| v. | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| AKRON HOTEL SUITES, LLC | CASE No.    CV-2024-04-1513 |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: May 20, 2026

CARR, Presiding Judge.

{¶1}   Appellant, Akron Hotel Suites, LLC ("AHS"), appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}   AHS owns and operates a hotel in Springfield Township ("the Township") known as the Red Roof Inn ("the Hotel").  For several years, the Township's police department responded to hundreds of service calls at the Hotel.  The service calls included, but were not limited to, instances of drug trafficking and abuse, violent crimes, sexual offenses, disorderly conduct, and public intoxication.  Additionally, the Hotel posed numerous health and safety hazards.  The hazards stemmed from issues such as malfunctioning security cameras, inoperable parking lot lights and fire alarms, debris in the parking lot, and damaged pavement on the driveway.  Although

the Township's police department contacted the Hotel on several occasions to address the foregoing concerns, they remained unresolved.

{¶3} Summit County and the Township eventually filed suit against AHS to abate a public nuisance created by the Hotel. AHS never filed an answer or other responsive pleading. Instead, on April 26, 2024, the parties executed an agreed abatement order ("the Agreed Order"). The parties agreed the Hotel would remain open if AHS made certain improvements to the property, abided by certain protocols, and adopted various policies. They also agreed that the trial court would retain jurisdiction over the Agreed Order, the terms of which could be enforced through a motion to show cause. The Agreed Order provided:

> Upon a finding by clear and convincing evidence that [AHS] has breached this Agreed Order, the Township/County shall be entitled to an order declaring the Hotel to be a public nuisance, closing the Hotel, and awarding any other remedy the Court considers just and reasonable.

The parties agreed that certain events, if they transpired, would serve as definitive proof of a breach. Relevant to this appeal, Section 9 of the Agreed Order provided that "any two incidences involving felony activities occurring at the Hotel property by registrants, guests, invitees, permittees, and/or occupants of the Hotel in a 60-day period shall constitute clear and convincing evidence of the breach of this [Agreed Order]." The parties agreed AHS would promptly report all suspected criminal activity to the Springfield Police Department and that any reports it "made prior to the [police] acting on said suspected and/or criminal activity [would] not be considered for enforcement purposes of Section 9." The parties agreed Section 9 of the Agreed Order would not take effect until June 1, 2024.

{¶4} In March 2025, Summit County and the Township filed a motion to show cause. They asked the trial court to declare that AHS had breached the Agreed Order in several respects.

They asked the court to enjoin the Hotel from operating for one year and to award them any other relief allowed by R.C. 3767.01, et seq. or by law.

{¶5} AHS filed a brief in opposition to the motion to show cause. Thereafter, the trial court held an evidentiary hearing and accepted post-hearing briefs. The trial court found that AHS had materially breached the Agreed Order in several respects. It found that AHS' operation of the Hotel constituted a public nuisance in violation of R.C. 3767 and the Agreed Order. The court ordered the Hotel to remain closed for one year. It also authorized Summit County and/or the Township to enter the Hotel, remove "all personal property and contents used in conducting or managing the nuisance[,]" and sell those items at auction.

{¶6} AHS now appeals from the trial court's judgment and raises three assignments of error for review. For ease of analysis, we rearrange and consolidate several of the assignments of error.

II.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY GRANTING APPELLEES RELIEF UNDER R.C. 3767 WHEN THE APPELLEES WERE NOT PROPER PARTIES TO THE NUISANCE ACTION.

{¶7} In its third assignment of error, AHS argues that the trial court erred by entering judgment in favor of Summit County and the Township because neither one was a party entitled to relief under R.C. 3767, et seq. For the following reasons, we reject AHS' argument.

{¶8} R.C. 3767.03 creates a statutory cause of action for the abatement of a public nuisance. The statute provides, in relevant part, that,

> [w]henever a nuisance exists, the attorney general; the village solicitor, city director of law, or other similar chief legal officer of the municipal corporation in which the nuisance exists; the prosecuting attorney of the county in which the nuisance exists; the law director of a township that has adopted a limited home rule government

under [R.C. Chapter 504]; or any person who is a citizen of the county in which the nuisance exists may bring an action in equity in the name of the state, upon the relation of the attorney general; the village solicitor, city director of law, or other similar chief legal officer of the municipal corporation; the prosecuting attorney; the township law director; or the person, to abate the nuisance and to perpetually enjoin the person maintaining the nuisance from further maintaining it.

R.C. 3767.03. AHS argues that the Township was not authorized to initiate a lawsuit against it under R.C. 3767.03 because the suit was not brought by the Township's law director and, in any event, there was no proof the Township had adopted a limited home rule government. *See id.* As to Summit County, AHS argues that the county prosecutor failed to properly initiate suit by bringing the action in the name of the state. *See id.* AHS asks us to vacate the trial court's order because neither the Township nor Summit County were proper parties under R.C. 3767.03.

{¶9} This Court has repeatedly held that arguments "'not raised in the trial court cannot be raised for the first time on appeal.'" *Herhold v. Smith Land Co.*, 2019-Ohio-2418, ¶ 55 (9th Dist.), quoting *Huntington Natl. Bank v. Anderson*, 2018-Ohio-3936, ¶ 20 (9th Dist.). The record reflects that AHS never raised the foregoing arguments in the lower court. It never filed an answer, so it did not plead any affirmative defenses. It never moved to dismiss the action. It never questioned the Township or Summit County's authority to bring this action or alleged any procedural defects in the filing of the complaint when appearing before the trial court for an evidentiary hearing. Finally, it never raised those arguments in its post-hearing brief.

{¶10} AHS claims it was not required to preserve its argument in the lower court because a challenge to a plaintiff's statutory authority to initiate a cause of action can be raised at any time. Assuming without deciding that AHS is correct, we nevertheless reject its argument.

{¶11} The suit the Township and Summit County filed against AHS was not limited to a statutory cause of action. The complaint specified that the "action [was] brought pursuant to R.C. 3767.01, et seq., *and Ohio common law*, to abate a public nuisance created by the Hotel . . . ."

(Emphasis omitted and added.) The Supreme Court has recognized that "the existence of R.C. 3767.03 in no way limit[s] the right of a prosecutor to initiate an injunctive action in the case of a common-law nuisance." *Pizza v. Sunset Fireworks Co., Inc.*, 25 Ohio St.3d 1, 6 (1986). *See also Wooster v. Enviro-Tank Clean, Inc.*, 2015-Ohio-1876, ¶ 14 (9th Dist.) (remanding where "trial court failed to discuss common law actions for public nuisance or consider whether other authority authorized the City's suit"). There is no dispute that the Hotel is located in Summit County, and this suit was initiated, in part, by the Summit County prosecutor. AHS has not addressed the common law aspect of the complaint. This Court will not create an argument on its behalf. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998). Accordingly, its third assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ORDERING THAT APPELLANT'S HOTEL BE CLOSED FOR A ONE-YEAR PERIOD UNDER R.C. 3767.06(A) WHEN APPELLANT DID NOT ACQUIESCE TO OR PARTICIPATE IN THE CREATION OR PERPETUATION OF THE NUISANCE, AND THE TRIAL COURT DID NOT FIND OTHERWISE.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ORDERING THAT THE PERSONAL PROPERTY ON THE HOTEL PREMISES BE REMOVED AND SOLD WITH THE PROCEEDS PAID TO THE APPELLEES WHEN APPELLANT DID NOT ACQUIESCE OR PARTICIPATE IN THE CREATION OR PERPETUATION OF THE NUISANCE, AND THE TRIAL COURT DID NOT FIND OTHERWISE.

{¶12} In its first and second assignments of error, AHS argues that the trial court erred when it ordered the Hotel closed for one year and the sale of personal property on the Hotel premises. According to AHS, it was unlawful for the court to issue those orders without first finding that AHS had acquiesced in or participated in the criminal activity occurring at the Hotel. Upon review, we reject its arguments.

{¶13} When a nuisance is admitted or established in a statutory action, R.C. 3767.06(A) authorizes the trial court to issue an order (1) abating the nuisance, (2) directing the removal of all personal property and contents used in conducting or maintaining the nuisance, (3) directing that personal property be sold at public auction, and (4) closing the place where the nuisance is found for one year. While the statute does not address culpability on the part of an owner, the Ohio Supreme Court has held that a "trial court cannot issue an injunction closing the property, in accordance with R.C. 3767.06(A), unless it finds that the owner acquiesced in or participated in the creation or perpetuation of the nuisance." *State ex rel. Rothal v. Smith*, 2002-Ohio-7328, ¶ 21 (9th Dist.), citing *State ex rel. Pizza v. Rezcallah*, 84 Ohio St.3d 116 (1998), paragraph two of the syllabus.

{¶14} In its judgment entry, the trial court found that the Hotel constituted a public nuisance. It enjoined AHS, its principals, employees, agents, and others from maintaining the nuisance and ordered the Hotel closed for one year. It also authorized the Township and Summit County to enter the Hotel, remove all personal property used in conducting or managing the nuisance, sell that property at public action, and retain the proceeds.

{¶15} AHS argues the trial court's judgment must be vacated because the court never found that AHS acquiesced in or participated in the creation or perpetration of the nuisance. According to AHS, there was evidence that AHS made a significant effort to improve conditions at the Hotel and limit the criminal activity occurring there. AHS argues that, absent a finding that it acquiesced in or participated in the creation or perpetuation of the nuisance, the court's judgment constituted an unconstitutional taking.

{¶16} AHS' argument overlooks the fact that it was subject to the terms of the Agreed Order. As previously noted, the Agreed Order provided that,

[u]pon a finding by clear and convincing evidence that [AHS] has breached this Agreed Order, the Township/County shall be entitled to an order declaring the Hotel to be a public nuisance, closing the Hotel, and awarding any other remedy the Court considers just and reasonable.

In its judgment entry, the trial court specifically found that AHS had violated the terms of the Agreed Order. It found that (1) the number of unreported felony and misdemeanor incidents occurring at the Hotel exceeded the amount allowed by the Agreed Order, (2) AHS had failed to maintain an adequate guest registry, (3) AHS had failed to repave the driveway by the date specified in the Agreed Order, and (4) AHS had only removed certain trash and debris from the Hotel after the show cause motion had been filed.

{¶17} AHS has not argued that the Township and Summit County failed to set forth clear and convincing evidence of a breach of the Agreed Order. Instead, it argues that, regardless of any agreement the parties executed, *Rezcallah* requires trial courts to make certain findings before employing the remedies set forth in R.C. 3767.06(A). According to AHS, a trial court's statutory authority is not subject to modification by agreement of the parties.

{¶18} *Rezcallah* is distinguishable from the instant matter. *Rezcallah* came before the Supreme Court on three consolidated appeals, none of which stemmed from a judgment on an agreed order. *See Rezcallah*, 84 Ohio St.3d at 116-119. In each of the consolidated appeals, the State sought relief against property owners strictly under R.C. Chapter 3767 and appealed from the denial of that relief. *See id.* at 120. Thus, the Supreme Court was never asked to consider whether parties could agree to conditions that would constitute a nuisance and remedies that would apply if those conditions came to pass. AHS has failed to set forth any support for the proposition that a party cannot waive their constitutional rights under the Takings Clause by agreement. *See, e.g., Copley Twp. Bd. of Trustees v. W.J. Horvath Co.*, 2011-Ohio-1214, ¶ 8 (9th Dist.), quoting *Pirtle v. Pirtle*, 2001 WL 815008, *4 (2d Dist. July 20, 2001) (fundamental constitutional rights

may be knowingly, intelligently, and voluntarily waived). AHS specifically agreed that, if it breached the Agreed Order, the Township and Summit County were entitled to certain remedies and "any other remedy the Court considers just and reasonable."

{¶19} To the extent AHS suggests the trial court's entry was void because the parties crafted an agreement that exceeded the court's statutory authority, we find no merit in that suggestion. The Agreed Order never sought to modify the trial court's subject matter jurisdiction or a statutory duty imposed on a public entity by law. *Compare Cheap Escape Co., Inc. v. Haddox*, LLC, 2008-Ohio-6323, ¶ 22 (contract could not vest municipal court with subject matter jurisdiction it otherwise lacked); *Wymer-Harris Constr. Co. v. Glass*, 122 Ohio St. 398, 402-403 (1930) (contract could not increase or diminish degree of duty owed to public by agent of county commissioners). Moreover, the plain language of R.C. 3767.06(A) does not require a trial court to make an additional finding about the culpability of a property owner before imposing the remedies set forth therein. That requirement stems from case law. *See Rezcallah* at paragraphs one and two of the syllabus. The parties agreed a breach of the Agreed Order would entitle the Township and Summit County to an order "declaring the Hotel to be a public nuisance, closing the Hotel, and awarding any other remedy the Court considers just and reasonable." AHS has not shown that the trial court erred by entering judgment on their agreement. *See Klein v. Botelho*, 2011-Ohio-4165, ¶ 20 (2d Dist.) ("The interpretation of language used by parties in an agreed entry is governed by contract principles and is subject to the same rules of construction applicable to other contracts."). Accordingly, AHS' first and second assignments of error are overruled.

III.

{¶20} AHS' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

9

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT


STEVENSON, J.
CONCURS.

FLAGG LANZINGER, J.
DISSENTING.

{¶21} I respectfully dissent because I would sustain AHS' assignments of error. Initially, I would sustain AHS' third assignment of error on the basis that actions under R.C. 3767.03 to abate a nuisance must be brought in the name of the state. *State ex rel. Smith v. Rothal*, 2002 WL 386393, *2 (9th Dist. Mar. 5, 2002) ("R.C. 3767.03 expressly provides for the bringing of an action by a city law director, in the name of the state, to abate a nuisance."). While this holding would be dispositive of AHS' appeal, I am compelled to address the majority's resolution of AHS' first and second assignments of error.

{¶22} As the majority acknowledges, the Ohio Supreme Court has held that a "trial court cannot issue an injunction closing the property, in accordance with R.C. 3767.06(A), unless it finds that the owner acquiesced in or participated in the creation or perpetuation of the nuisance." *State ex rel. Rothal v. Smith*, 2002-Ohio-7328, ¶ 21 (9th Dist.), citing *State ex rel. Pizza v. Rezcallah*, 84 Ohio St.3d 116 (1998), paragraph two of the syllabus. Issuing an injunction closing the property without a finding that the owner acquiesced in or participated in the creation or perpetuation of the nuisance "violates the Fourteenth Amendment Due Process Clause and the Fifth Amendment Takings Clause of the United States Constitution, and Section 19, Article I of the Ohio Constitution . . . ." *Rezcallah* at paragraph two of the syllabus.

{¶23} Here, the trial court never found that AHS acquiesced in or participated in the creation or perpetuation of the nuisance. Notwithstanding, the majority concludes that the Ohio Supreme Court's precedent is not applicable because this case, unlike *Rezcallah*, involves an agreed abatement order. I disagree.

{¶24} "[T]his Court is bound by the precedent of the Supreme Court of Ohio." (Alteration in original.) *Sullivan v. Walsh Jesuit High School*, 2024-Ohio-2437, ¶ 14 (9th Dist.), quoting *State*

*v. Culgan*, 2010-Ohio-2992, ¶ 15 (9th Dist.). Accordingly, "[t]his Court has no authority to modify, much less overrule, any decision of the Ohio Supreme Court." *State v. Williams*, 2016-Ohio-6972, ¶ 6 (9th Dist.). The majority's decision attempts to modify the Ohio Supreme Court's clear mandate in *Rezcallah*, holding that it does not apply if the parties execute an agreed abatement order. I would adhere to *Rezcallah* and hold that the parties' decision to execute an agreed abatement order did not eliminate the trial court's obligation to find that AHS acquiesced in or participated in the creation or perpetuation of the nuisance for purposes of R.C. 3767.06(A). Thus, I would sustain AHS' first and second assignments of error.

{¶25} For these reasons, I respectfully dissent.

APPEARANCES:

DANIEL D. EISENBREI, Attorney at Law, for Appellant.

DONALD J. MALARCIK, Attorney at Law, for Appellant.

JOHN F. GALONSKI and ASHLEY A. HAWKINS, Attorneys at Law, for Appellee.

JOSEPH R. SPOONSTER and NICHOLAS J. HORRIGAN, Attorneys at Law, for Appellee.