WALTON, Appellant,

v.

**OHIO DEPARTMENT OF HEALTH, Appellee.**

[Cite as *Walton v. Ohio Dept. of Health,* 162 Ohio App.3d 65, 2005-Ohio-3375.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP–249.

Decided June 30, 2005.

Wolman & Associates and Susan B. Gellman; Strip, Hoppers, Leithart, McGrath & Terlecky Co., L.P.A., and Nelson E. Genshaft, for appellant.

Jim Petro, Attorney General, and Peggy W. Corn, Assistant Attorney General, for appellee.

PETREE, Judge.

{¶ 1} Plaintiff-appellant, Michael Walton, appeals from a judgment of the Court of Claims of Ohio, which determined that plaintiff was not entitled to recover, pursuant to R.C. 109.364, legal expenses incurred in defense of an action brought against him in federal court. For the following reasons, we affirm the judgment of the trial court.

{¶ 2} In 1994, the Center for Disease Control and Prevention ("CDC") established guidelines for the distribution of federal funds to states for HIV/AIDS prevention-related programs. Pursuant to these guidelines, states were required to create community planning boards that included community members who represented high-risk HIV/AIDS populations. According to plaintiff, the reasoning for this process "was to have a new approach to planning for HIV prevention and strategies that would be more grass roots, have more community input to

ensure that the prevention strategies that were funded would be cost effective and outcome effective."

{¶ 3} In view of the federal guidelines, defendant-appellee the Ohio Department of Health ("ODH"), the agency of the state responsible for obtaining federal funding for HIV prevention, established local planning groups and a statewide planning group. Defendant invited interested persons to become members of local HIV-prevention planning groups. Each planning group had two co-chairs: one was a representative of defendant and the other was elected by the planning group community members. Plaintiff applied for membership in the process and was "appointed" as a volunteer to the HIV-prevention planning group in Columbus. In early 1995, plaintiff was invited by Brenda Thomas, who was the department co-chair of the statewide group, to join the statewide group. In March 1995, plaintiff was elected as the community co-chair for the statewide HIV-prevention community planning group.

{¶ 4} As a volunteer in the community planning process, plaintiff expressed concerns regarding ODH and the process in numerous ways, including sending letters to government officials and distributing flyers. For example, plaintiff sent a letter, on "Ohio HIV Prevention Community Planning Process" letterhead, to the CDC, criticizing ODH's actions with respect to the community planning process. Plaintiff also composed and distributed flyers criticizing ODH. One flyer states: "If You're Concerned About Keeping Your HIV Status Confidential, BEWARE BRENDA'S LISTS! The Ohio Department of Health has demonstrated an ongoing lack of sensitivity and an inability to manage confidential information with regard to HIV status within the AIDS Prevention Unit!" Plaintiff contends that "[a]ll of this activity was directed toward assuring that the State was following the CDC requirements for community planning."

{¶ 5} In July 1995, Dr. Thomas Halpin, the ODH Chief of the Bureau of Preventative Medicine from 1976 until 1996, removed Brenda Thomas as co-chair of the statewide planning group.

{¶ 6} In February 1999, Thomas filed a complaint in federal court against ODH, the director of ODH, two former ODH directors, a former chief of the Division of Prevention of ODH (Dr. Halpin), the chief of the Public Health Leadership and Professional Development Section of ODH, the Labor Relations Manager of ODH, general counsel for ODH, and Michael Walton, the plaintiff in this case. Thomas asserted claims against defendants under Sections 1981, 1983, 1985(3), and 2000 et seq., Title 42, U.S.Code. Walton made a written request to the Ohio Attorney General ("AG") to represent and defend him, pursuant to R.C. 109.361, in the civil action instituted in federal court by Thomas. The AG declined to represent plaintiff in the federal court action. Consequently, plaintiff hired private counsel.

{¶ 7} In *Thomas v. Ohio Dept. of Health*, S.D. Ohio No. C2–99–176, the federal district court granted defendants' motion for summary judgment. Thomas appealed. Prior to the resolution of the appeal, the case was settled, and the state made a payment to Thomas in exchange for a release from liability of all defendants, including plaintiff.

{¶ 8} Subsequent to the settlement of the federal case, plaintiff filed the instant action in the Court of Claims of Ohio seeking reimbursement for his legal expenses in the federal court case. Plaintiff claimed that he was entitled to legal representation by the AG in that case, pursuant to R.C. 109.361. The trial court determined that plaintiff was not an officer or employee of the state, and even assuming arguendo that plaintiff was an officer or employee of the state, his actions as alleged in Thomas's complaint were acts that were manifestly outside the scope of his employment or official duties. The trial court accordingly rendered judgment in favor of defendant on February 3, 2004.

{¶ 9} Plaintiff appeals from this judgment and has asserted the following three assignments of error:

I. The Court of Claims erred in finding that Mr. Walton was not an "officer or employee" of the State.

II. The Court of Claims erred in holding that the Attorney General was authorized to deny representation where the Attorney General failed entirely to conduct the investigation required by R.C. 109.362 before determining to deny representation.

III. The Court of Claims erred in holding that the Attorney General properly denied representation to Mr. Walton on the ground that Mr. Walton was acting "manifestly outside the scope of his employment."

{¶ 10} Plaintiff argues in his first assignment of error that the trial court erred in finding that he was not an "officer or employee" of the state. We find that plaintiff was not an officer or employee of the state and, therefore, was not entitled to representation under R.C. 109.361.

{¶ 11} R.C. 109.36 defines certain terms for purposes of R.C. 109.361 to 109.366. An "officer or employee" includes any person "who, at the time a cause of action against the person arises, is serving in an elected or appointed office or position with the state or is employed by the state." R.C. 109.36(A). For purposes of R.C. 109.361 to 109.366, " 'State' means the state of Ohio, including but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state of Ohio. 'State' does not include political subdivisions." R.C. 109.36(B).

{¶ 12} R.C. 109.361 provides as follows: "Upon the receipt of a written request by any officer or employee, the attorney general, except as provided in section 109.362 of the Revised Code * * * shall represent and defend the officer or employee in any civil action instituted against the officer or employee." R.C. 109.362(A), which provides an exception to when the AG shall represent and defend an officer or employee of the state, states as follows:

Prior to undertaking any defense under section 109.361 of the Revised Code, the attorney general shall conduct an investigation of the facts to determine whether the requirements of this section have been met. If the attorney general determines that any officer who holds an elective state office was acting manifestly outside the scope of his official responsibilities or that any other officer or employee was acting manifestly outside the scope of his employment or official responsibilities, with malicious purpose, in bad faith, or in a wanton or reckless manner, the attorney general shall not represent and defend the officer or employee. An initial determination to represent and defend the officer or employee does not prohibit a later determination that the requirements of this section have not been met.

{¶ 13} R.C. 109.364 provides a remedy for an officer or employee who made a request for representation under R.C. 109.361, if the AG wrongfully denies representation. R.C. 109.364 states as follows:

If the attorney general denies representation to an officer or employee who made a request for representation under section 109.361 of the Revised Code, the officer or employee may, upon the termination of the action for which he requested the representation, commence an action in the court of claims against the employer pursuant to sections 2743.01 to 2743.20 of the Revised Code for the reasonable expenses incurred in providing his own defense.
* * *

If the court of claims finds that the officer or employee was entitled to have the attorney general represent and defend him under section 109.361 of the Revised Code, the court shall enter judgment against the employer in favor of the officer or employee in the amount of the reasonable expenses incurred by the officer or employee in providing his own defense and in bringing the action authorized by this section.

{¶ 14} In the case at bar, plaintiff has contended that the AG wrongfully denied representation to him. The trial court determined that plaintiff was not entitled to have the AG represent and defend him under R.C. 109.361.

{¶ 15} As a preliminary matter, we address plaintiff's argument relating to the reasoning of the AG as to why he was not entitled to representation. Plaintiff contends that the AG's stated reason for refusal to provide legal

representation implicitly assumes that plaintiff was an officer or employee within the meaning of R.C. 109.361. The letter from the chief counsel for the AG states that he was unable to conclude "from the allegations in the complaint that the alleged wrongful conduct was committed during the performance of your specific duties and responsibilities as a volunteer for the Department of Health." The chief counsel for the AG provided a reason for the denial even though the statute does not require the AG to state a reason for denying representation. Plaintiff's arguments to the contrary, we are not precluded from finding that plaintiff was not an officer or employee of the state merely because the chief counsel for the AG, in the letter to plaintiff, did not directly address the issue of whether plaintiff was an officer or employee of the state within the meaning of R.C. 109.361.

{¶ 16} In this appeal, plaintiff asserts that "[t]he presumption is that the State will defend its officers and employees when they are named as defendants in a civil lawsuit" and that the state may refuse to represent an officer or employee of the state only if an exception applies. However, if the person is not an officer or employee of the state, then the person is not entitled to representation by the AG. The analysis may end at that point.

{¶ 17} The community planning process in Ohio must be viewed in context when analyzing whether plaintiff was an officer or employee of the state. As stated above, the guidelines for this community planning process were federally created. The local and statewide planning groups were not created by statute in Ohio. In order to receive federal funding for HIV-prevention programs pursuant to the CDC guidelines, the state had to create community groups comprised of persons representing HIV at-risk populations. Thus, defendant facilitated the creation of the planning groups in order to ultimately receive federal funds. If the program had been dissolved, the state would not have received federal funding for HIV prevention pursuant to the CDC guidelines. The federal guidelines promoted the participation and representation of HIV at-risk populations in the HIV-prevention process.

{¶ 18} Plaintiff argues that he was an "officer or employee" under R.C. 109.36(A) because he was "serving in an elected or appointed office or position with the state." In support, plaintiff points to defendant's May 23, 1994 notice, which states, "I am happy to inform you that you have been appointed to the HIV Prevention Planning Group in Columbus, Ohio." Plaintiff had applied to volunteer in the planning process and his application was accepted. Merely because the notice states that plaintiff was appointed to the group does not mean that he was serving in an "appointed" office or position with the state under R.C. 109.36(A). Plaintiff also notes that he was elected co-chair of the statewide group. Again, merely because plaintiff was elected by the group to be a co-chair does not mean that he was "elected" for purposes of R.C. 109.36(A).

{¶ 19} Notwithstanding defendant's apparent ability to entirely dissolve the community planning process and/or its ability to modify its structure, the state lacked control over plaintiff's actions as a volunteer in the process. When Dr. Halpin, the ODH chief of the Bureau of Preventative Medicine from 1976 until 1996, was asked at trial why he did not remove plaintiff as well as Thomas as co-chairs, he responded that plaintiff had been basically elected by the volunteers, and that he had no authority to remove him from the position. Furthermore, plaintiff did not receive a paycheck or participate in any state retirement system, and plaintiff's performance as a volunteer was not evaluated by any ODH employee. When Dr. Halpin was asked why the community planning groups were not given ODH letterhead, he responded by saying, "Well, because they weren't ODH employees. They weren't ODH people."

{¶ 20} Moreover, Dr. Halpin essentially testified that he did not approve of the press releases, the letters to politicians, and the flyers, which were drafted by plaintiff, but he said nothing to plaintiff regarding these statements or writings because it was outside the department's control. The fact that plaintiff took actions demonstrating opposition to ODH and/or its employees, coupled with the fact that ODH was significantly limited in its ability to control such actions, reveals the extent that this planning process was not an arm of the state.

{¶ 21} The HIV-prevention community planning groups were, to a significant extent, separate and distinct from the state, even though ODH employees participated in the process. ODH facilitated the creation of the community planning groups because their existence was necessary for the state to receive federal funding relating to HIV prevention. The state and local planning groups were designed to promote community involvement by at-risk populations and to ultimately assist the state in receiving federal funds. Essentially, the volunteer, or "grass-roots" aspect of the community planning groups was intended to optimize HIV prevention through the promotion of participatory planning by representatives of at-risk populations. Plaintiff was a volunteer in a federally mandated advisory process that was not created by statute in Ohio.

{¶ 22} Based on the foregoing, we conclude that plaintiff was not an officer or employee of the state for purposes of determining whether he was entitled to legal representation by the AG pursuant to R.C. 109.361. Therefore, plaintiff was not entitled to recover legal expenses he incurred in defense of the action brought against him in federal court. Accordingly, we overrule plaintiff's first assignment of error.

{¶ 23} By his second assignment of error, plaintiff contends that the trial court erred in finding that the AG properly denied representation because the AG did not conduct a sufficient investigation under R.C. 109.362. The letter from the chief counsel for the AG indicated that the AG would not represent plaintiff in the

federal case based on a review of the complaint. Plaintiff testified at trial that no one at the AG's office discussed with him the allegations contained in the complaint.

{¶ 24} The extent of the investigation under R.C. 109.362 that occurred in this case is inconsequential. R.C. 109.364 provides for a remedy if the officer or employee was entitled to representation, but did not receive representation. If the AG denies representation to an officer or employee who made a request for representation under R.C. 109.361, then the officer or employee may commence an action in the Court of Claims for the reasonable expenses incurred in providing his or her own defense. R.C. 109.364.

{¶ 25} If the Court of Claims determines that the officer or employee was entitled to representation, then it must enter judgment against the employer for the reasonable expenses incurred in providing his or her own defense and for the expenses incurred in bringing the action authorized by R.C. 109.364.

{¶ 26} However, if the party is not entitled to representation, then the extent of the investigation is inconsequential with respect to a claim for recovery under R.C. 109.364. Plaintiff was not entitled to a remedy based solely on the alleged insufficiency of the investigation. Certainly, if an investigation is inadequate, it may result in the AG wrongfully denying representation. That is, to the extent an allegedly insufficient investigation fails to result in a legally required representation, the aggrieved party has a remedy pursuant to R.C. 109.364. However, in the case at bar, plaintiff was not entitled to representation, and therefore the extent of the investigation is inconsequential with respect to plaintiff's claim for the recovery of legal expenses incurred in the federal case.

{¶ 27} Based on the foregoing, plaintiff's second assignment of error is overruled.

{¶ 28} Under his third assignment of error, plaintiff argues that the AG improperly denied representation to him because his actions were not "manifestly outside the scope of his employment." Regarding plaintiff's third assignment of error, we need not reach the issue of whether plaintiff was acting "manifestly outside the scope of his employment" because we have determined that he was not an officer or employee of the state for purposes of R.C. 109.361. The trial court did not err in holding that the AG properly denied representation to plaintiff, and on that basis we overrule plaintiff's third assignment of error.

{¶ 29} Having overruled plaintiff's three assignments of error, we affirm the judgment of the Court of Claims of Ohio.

Judgment affirmed.

BROWN, P.J., and SADLER, J., concur.