ENGEL, Appellee,

v.

UNIVERSITY OF TOLEDO COLLEGE OF MEDICINE, Appellant.

[Cite as *Engel v. Univ. of Toledo College of Medicine,*
184 Ohio App.3d 669, 2009-Ohio-3957.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–53.

Decided Aug. 11, 2009.

Gallon, Takacs, Boissoneault & Schaffer Co., L.P.A., and John B. Fisher, for appellee.

Richard Cordray, Attorney General, and Anne Berry Strait, Assistant Attorney General, for appellant.

KLATT, Judge.

{¶ 1} Defendant-appellant, the University of Toledo College of Medicine ("UT"), appeals from a judgment of the Court of Claims of Ohio finding Marek Skoskiewicz, M.D., personally immune from the medical-malpractice claims of plaintiff-appellee, Larry Engel Jr. For the following reasons, we affirm.

{¶ 2} Engel originally filed his medical-malpractice action against Skoskiewicz in the Henry County Court of Common Pleas. According to Engel's complaint, Skoskiewicz negligently performed two separate surgical procedures on Engel in January 2005, proximately causing Engel pain, additional medical bills, lost wages, and emotional distress. As trial neared, Skoskiewicz filed a motion to dismiss or, in the alternative, for a stay in the proceedings. In his motion, Skoskiewicz claimed personal immunity under R.C. 9.86, which exempts state officers and employees from liability in any civil action arising under state law for damage or injury caused in the performance of the officer's or employee's duties, unless the officer or employee acted manifestly outside the scope of his employ-

ment or official responsibilities, or with malicious purpose, in bad faith, or in a wanton or reckless manner. Because only the Court of Claims can determine whether a state officer or employee is immune under R.C. 9.86, Skoskiewicz argued that the common pleas court lacked subject-matter jurisdiction to proceed. The court agreed and granted Skoskiewicz a stay pending the outcome of the Court of Claim's immunity determination.

{¶ 3} Following the common pleas court's ruling, Engel filed a medical-malpractice action against UT in the Court of Claims and reiterated the claims he initially asserted in the common pleas court. As part of his complaint, Engel requested that the Court of Claims determine whether Skoskiewicz was entitled to immunity. Ultimately, the Court of Claims agreed to decide the issue of Skoskiewicz's immunity based upon a joint stipulation of facts and the parties' briefs.

{¶ 4} The parties stipulated that the UT[1] Board of Trustees appointed Skoskiewicz as a clinical assistant professor of surgery on December 13, 2004. The appointment made Skoskiewicz a volunteer faculty member, not a regular faculty member. As a volunteer faculty member, Skoskiewicz did not receive a salary from UT. Nevertheless, Skoskiewicz was subject to the UT Faculty Rules and Regulations, as well as UT policies and procedures.

{¶ 5} The UT Board of Trustees made the volunteer faculty appointment so Skoskiewicz could act as a preceptor for third-year UT students. Bryan/MCO Area Health Education Center, Inc. ("BAHEC"), a nonprofit corporation affiliated with UT, arranged for UT students to observe and assist local practitioners, and Skoskiewicz agreed to become an instructor in this apprenticeship program. BAHEC assigned UT student David Essig to Skoskiewicz so Essig could complete his required clinical rotation in surgery. Essig was present in the operating room while Skoskiewicz performed the two surgical procedures on Engel.

{¶ 6} Based upon these facts, the Court of Claims found that Skoskiewicz's appointment as a clinical assistant professor of surgery made him a state "officer or employee" as defined in R.C. 109.36(A)(1)(a). Additionally, the court found that Skoskiewicz was acting in the scope of his position when he performed the two surgical procedures at issue. Accordingly, in a December 18, 2008 judgment entry, the Court of Claims determined that Skoskiewicz was personally immune from Engel's claims pursuant to R.C. 9.86.

{¶ 7} UT now appeals from the December 18, 2008 judgment and assigns the following error:

---

1. Before 2006, UT was known as the Medical College of Ohio and the Medical University of Ohio. To avoid confusion, we will refer to the school as "UT" throughout this opinion.

The Court of Claims erred in holding that a physician who is a volunteer clinical faculty member of a state medical school is an "officer or employee" of the state as that term is defined in R.C. 109.36, and so is entitled to immunity from civil liability for medical negligence under R.C. 9.86.

{¶ 8} By its sole assignment of error, UT argues that Skoskiewicz is not entitled to personal immunity, because he is not a state officer or employee. We disagree.

{¶ 9} Pursuant to R.C. 9.86,

[e]xcept for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

Generally, under this statute, a state officer or employee who acts in the performance of his or her duties is immune from liability. *Wassenaar v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP–712, 2008-Ohio-1220, 2008 WL 713932, ¶ 25. Whether a person is entitled to personal immunity is a question of law. *Theobald v. Univ. of Cincinnati*, 111 Ohio St.3d 541, 2006-Ohio-6208, 857 N.E.2d 573, ¶ 14.

{¶ 10} For the purposes of R.C. 9.86, "officer or employee" is defined by R.C. 109.36(A). R.C. 2743.02(A)(2) and (F). R.C. 109.36(A)(1)(a) defines "officer or employee" to mean "[a] person who, at the time a cause of action against the person arises, is serving in an elected or appointed office or position with the state or is employed by the state." Engel argues that Skoskiewicz satisfies this definition because, at the time of the alleged malpractice, he was serving in an "appointed * * * position with the state." Supporting Engel's argument, the March 18, 2005 letter from UT to Skoskiewicz informed him that the UT Board of Trustees had "approved [his] *appointment* to the volunteer faculty at its meeting December 13, 2004 as * * * Clinical Assistant Professor * * * Surgery." (Emphasis added.) Thus, Skoskiewicz was appointed to his position as a clinical assistant professor of surgery. Additionally, UT is a state institution, created and authorized by the General Assembly. R.C. 3350.01, repealed by Sub.H.B. No. 478, effective July 1, 2006 ("There is hereby created the medical university of Ohio at Toledo"); R.C. 3364.01(A) (combining the former Medical University of Ohio with the University of Toledo, both "authorized" under former provisions of the Revised Code). Thus, Skoskiewicz's position was "with the state." As Skoskiewicz was serving in an appointed position with the state at the time he

allegedly committed malpractice, we conclude that he meets the statutory definition of "officer or employee."

{¶ 11} In arguing that Skoskiewicz is not a state "officer or employee," UT primarily focuses on the portion of R.C. 109.36(A)(1)(a) that defines an "officer or employee" as a person who "is employed by the state." However, the use of the disjunctive "or" between the two portions of the subsection indicates that each portion sets forth a separate and distinct definition of "officer or employee." *Columbia Gas Transm. Corp. v. Levin,* 117 Ohio St.3d 122, 2008-Ohio-511, 882 N.E.2d 400, ¶ 20, quoting *Pizza v. Sunset Fireworks Co., Inc.* (1986), 25 Ohio St.3d 1, 4–5, 25 OBR 1, 494 N.E.2d 1115 (defining "or" as " 'a function word indicating an alternative between different or unlike things' " and concluding that the use of "or," instead of "and," evidenced an intent that each element of the disjunctive phrase be read separately from the others). Consequently, a person is an "officer or employee" if he is either "serving in an * * * appointed * * * position with the state" *or* he "is employed by the state." As Skoskiewicz meets the first definition, the second is irrelevant.[2]

{¶ 12} UT next argues that "appointed" as used in R.C. 109.36(A)(1)(a) refers only to appointments made by the governor or other state officials as authorized in the Revised Code. Thus, UT contends, if a person is not appointed to an office or position created by statute, then he is not an "officer or employee" as defined in R.C. 109.36(A)(1)(a). UT's argument ignores the primary rule of statutory interpretation—courts must apply a statute as written when its meaning is definite and unambiguous. *Columbia Gas Transm. Corp.* at ¶ 19; *Portage Cty. Bd. of Commrs. v. Akron,* 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52. Here, R.C. 109.36(A)(1)(a) conveys a clear, unequivocal meaning. To give R.C. 109.36(A)(1)(a) the narrow interpretation UT seeks, we would have to read into the subsection language qualifying and explaining the word "appointed." Courts, however, cannot insert language into a statute through the guise of interpretation. *Hall v. Banc One Mgt. Corp.,* 114 Ohio St.3d 484, 2007-Ohio-4640, 873 N.E.2d 290, ¶ 24.

{¶ 13} UT also argues that because it appointed Skoskiewicz to the volunteer faculty, instead of the regular faculty, he is not an "officer or employee" as defined in R.C. 109.36(A)(1)(a). To support this argument, UT relies upon *Walton v. Ohio Dept. of Health,* 162 Ohio App.3d 65, 2005-Ohio-3375, 832 N.E.2d 790. UT contends that in *Walton,* this court held that the volunteer status of an

---

**2.** Also irrelevant are *Theobald v. Univ. of Cincinnati,* 160 Ohio App.3d 342, 2005-Ohio-1510, 827 N.E.2d 365, and *Potavin v. Univ. Med. Ctr.* (Apr. 19, 2001), 10th Dist. No. 00AP–715, 2001 WL 392492. Those cases address whether the medical providers at issue were employed by the state, not whether they were appointed to positions with the state. *Theobald* at ¶ 26–30; *Potavin.*

appointee to an HIV-prevention community planning group prevented him from being an "officer or employee" under R.C. 109.36(A)(1)(a). We find that UT mischaracterizes the holding of *Walton*. In that case, the Ohio Department of Health had appointed the plaintiff to an HIV-prevention community planning group, and the plaintiff claimed that his appointment made him an "officer or employee" under R.C. 109.36(A)(1)(a). The planning group, however, was neither created by state statute nor substantially controlled by the state. Because the planning group was, "to a significant extent, separate and distinct from the state," the plaintiff's appointment was not "with the state" as required by R.C. 109.36(A)(1)(a). Id. at ¶ 21.

{¶ 14} In the case at bar, no one disputes that UT is a state institution. Consequently, unlike the plaintiff in *Walton*, Skoskiewicz was appointed to a position "with the state." *Walton*, therefore, has no applicability here.

{¶ 15} Finally, UT argues that extending personal immunity to a volunteer faculty member is simply bad policy. UT directs this argument to the wrong branch of government. The General Assembly is the final arbiter of public policy; it is not the judiciary's role to weigh policy concerns or make policy decisions. *Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 118 Ohio St.3d 392, 2008-Ohio-2567, 889 N.E.2d 521, ¶ 34; *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 212.

{¶ 16} Because Skoskiewicz satisfies the definition of "officer or employee" in R.C. 109.36(A)(1)(a), we conclude that he is a state officer or employee. Accordingly, we overrule UT's assignment of error.

{¶ 17} For the foregoing reasons, we overrule UT's sole assignment of error, and we affirm the judgment of the Court of Claims of Ohio.

Judgment affirmed.

Bryant and Connor, JJ., concur.