[Cite as *Abraham v. State*, 2011-Ohio-7005.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOANN C. ABRAHAM, et al.

     Plaintiffs

     v.

STATE OF OHIO

     Defendant

Case No. 2010-07741

Judge Clark B. Weaver Sr.

DECISION

{¶1} An evidentiary hearing was conducted in this matter to determine whether Mark Harding, M.D., and Sasidhar Kilaru, M.D., are entitled to civil immunity pursuant to R.C. 2743.02(F) and 9.86. This case arises out of the medical treatment rendered to plaintiff, JoAnn Abraham, on October 12-14, 2007, at Good Samaritan Hospital in Cincinnati, Ohio.

{¶2} R.C. 2743.02(F) states, in part:

{¶3} "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

{¶4} R.C. 9.86 states, in part:

{¶5} "[N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

{¶6} "[I]n an action to determine whether a physician or other health-care practitioner is entitled to personal immunity from liability pursuant to R.C. 9.86 and 2743.02(A)(2), the Court of Claims must initially determine whether the practitioner is a state employee. If there is no express contract of employment, the court may require other evidence to substantiate an employment relationship, such as financial and corporate documents, W-2 forms, invoices, and other billing practices. If the court determines that the practitioner is not a state employee, the analysis is completed and R.C. 9.86 does not apply." *Theobald v. Univ. of Cincinnati*, 111 Ohio St.3d 541, 2006-Ohio-6208, ¶30.

{¶7} Drs. Harding and Kilaru assert that they are entitled to civil immunity inasmuch as they were teaching one or more resident physicians affiliated with the University of Cincinnati (UC) at all times relevant to plaintiffs' complaint. There is no dispute that resident physicians affiliated with UC performed clinical rotations at Good Samaritan and other hospitals in the Cincinnati area pursuant to a "Master Affiliation Agreement for Graduate Medical Education" between TriHealth (the parent company of Good Samaritan Hospital), UC, and University Hospital, Inc. (Defendant's Exhibit A.)

{¶8} At the hearing, however, Drs. Harding and Kilaru each testified that they do not hold faculty appointments or any other offices or positions with UC, that they do not practice under the direction of UC, and that their only relationship to UC is teaching UC residents who rotate through Good Samaritan Hospital.

{¶9} The court notes that in the post-hearing brief submitted by Drs. Harding and Kilaru, they rely on the decision of the Tenth District Court of Appeals in *Engel v. Univ. of Toledo College of Medicine*, 184 Ohio App.3d 669, 2009-Ohio-3957, to argue that their lack of any faculty appointment with UC does not deprive them of personal

immunity under R.C. 9.86. However, the Supreme Court of Ohio recently reversed the appellate decision, holding that a physician with no contractual relationship with the state, whose actions were not controlled by the state, who was not paid by the state, and who held no appointed office or position with the state, was not entitled to personal immunity pursuant to R.C. 9.86. See *Engel v. Univ. of Toledo College of Medicine*, Slip Opinion No. 2011-Ohio-3375.

{¶10} Based upon the totality of the evidence, the court concludes that Mark Harding, M.D., and Sasidhar Kilaru, M.D., were not employees of the state of Ohio and that they are not entitled to immunity pursuant to R.C. 9.86 and 2743.02(F). Accordingly, the courts of common pleas have jurisdiction over any civil actions that may be filed against them based upon the allegations in this case.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOANN C. ABRAHAM, et al.

    Plaintiffs

    v.

STATE OF OHIO

    Defendant
    Case No. 2010-07741

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

{¶11} The court held an evidentiary hearing to determine civil immunity pursuant to R.C. 9.86 and 2743.02(F). Upon hearing all the evidence and for the reasons set forth in the decision filed concurrently herewith, the court finds that Mark Harding, M.D., and Sasidhar Kilaru, M.D., are not entitled to immunity pursuant to R.C. 9.86 and 2743.02(F) and that the courts of common pleas have jurisdiction over any civil actions that may be filed against them based upon the allegations in this case.

{¶12} Inasmuch as all claims against the state were dismissed on October 12, 2010, and this case remained pending for the limited purpose of determining whether Drs. Harding and Kilaru are entitled to immunity, plaintiffs' complaint is DISMISSED. All pending motions are DENIED as moot. Court costs are assessed against plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Brian M. Kneafsey, Jr.
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Frederick H. Green
4015 Executive Park Drive, Suite 230
Cincinnati, Ohio 45241

Teri A. Wallace
1014 Vine Street, Suite 1919
Cincinnati, Ohio 45202

James P. Triona
Paul J. Vollman
2021 Auburn Avenue
Cincinnati, Ohio 45219

Filed December 5, 2011
To S.C. reporter March 5, 2012